UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 3:19-cr-00014-GFVT-MAS |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FEI GUO TANG, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On March 19, 2019, United States Magistrate Judge Matthew A. Stinnett held a detention hearing for Defendant Fei Guo Tang. [R. 16.] Judge Stinnett then determined Mr. Tang should be detained pending trial pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.* [R. 18.] Now, Mr. Tang has requested revocation of that order pursuant to 18 U.S.C. § 3145(b) by the undersigned. [R. 19.] Because no conditions or combination of conditions for release would reasonably assure the safety of the community, the Court **DENIES** Mr. Tang's motion and Mr. Tang shall remain in custody pending trial.

I

A

Mr. Tang was initially indicted on March 7, 2019, for bringing in and harboring aliens in violation of 8 U.S.C. §1324, paying his employees less than minimum wage in violation of 29 U.S.C. §§ 206 and 215–16, failure to pay his employees overtime in violation of 29 U.S.C. §§ 207 and 215–16, and possession of child pornography in violation of 18 U.S.C. § 2252. [R. 1.] After Judge Stinnett's detention order, on May 22, 2019, the Grand Jury returned a superseding indictment, adding five counts of receipt of child pornography and one count of distribution of

child pornography, in violation of 18 U.S.C. § 2252. [R. 23.] Additionally, the superseding indictment alleges Mr. Tang obstructed justice, in violation of 18 U.S.C. § 1512, by instructing his employee to lie before the grand jury. *Id*. at 5–6.

Consistent with the Court's local practice, Magistrate Judge Matthew A. Stinnett presided over Mr. Tang's initial appearance, arraignment, and detention hearing. [R. 11; R. 16; R. 28; R. 31.] Judge Stinnett determined detention was required in this case, and imposed detention pending trial. [R. 18.] Mr. Tang challenged this detention order and requests that this Court, after a *de novo* review of the record and an independent detention review hearing, release Mr. Tang pending trial. [R. 19.]

**B**

At the time of the detention hearing, none of Mr. Tang's alleged crimes required the presumption of detention. 18 U.S.C. § 3142(e)(3). However, after the addition of child pornography charges in the superseding indictment, defense counsel conceded during a hearing before the undersigned that this case now presents a presumption of detention. 18 U.S.C. § 3142(e)(3)(E). The findings in the detention order were based on the testimony of Department of State Special Agent Tracy Lunsford, and Mr. Tang introduced no witnesses. [R. 17.] Because there was no presumption of detention, Judge Stinnett did not determine whether Mr. Tang rebutted such a determination, only that he posed a risk of flight and a risk of danger to the community. [R. 18.] At the detention review hearing before the undersigned, Special Agent Lunsford again testified, and this time, Mr. Tang called as a witness his daughter, Wendy Tang. [R. 38.]

After determining that Mr. Tang was a flight risk, Judge Stinnett found that the factors set forth in 18 U.S.C. § 3142(g) lean in favor of detention. [R. 18 at 7.] While Judge Stinnett

2

determined that his employment-related charges were insufficient to warrant detention, Mr. Tang's charge of possession of child pornography was a pro-detention factor under § 3142(g)(1). Offenses involving a minor victim are enumerated as offenses where the nature and circumstances of the charged crime weigh in favor of detention. § 3142 (g)(1).

Judge Stinnett did not make an explicit determination as to whether § 3142(g)(2) supported detention but noted that his alleged crimes involved minor victims. *Id*. at 5–6. Additionally, testimony at the detention hearing suggested that Mr. Tang asked his employees to lie during Grand Jury proceedings. *Id*.

As to Mr. Tang's history and characteristics under § 3142(g)(3), Judge Stinnett found this factor to be "neutral." *Id*. at 6. Nothing in Mr. Tang's history suggests he is violent or has substance abuse issues. *Id*. However, Judge Stinnett notes that Mr. Tang does have a criminal history, including a 2009 conviction for harboring illegal aliens. *Id*. His indictment for the same activity a decade later suggests a disregard for the law. *Id*.

Finally, Judge Stinnett found that § 3142(g)(4) supported detention of Mr. Tang. *Id*. at 6–7. The allegations of child pornography and of attempts to obstruct justice concerned Judge Stinnett, and he determined these allegations posed a danger to both the community and the judicial process. *Id*.

Ultimately the § 3142 factors "combine to indicate significant danger risks of a serious nature," and these danger risks to the community are what the Magistrate Judge relied on to justify detention pending trial. Mr. Tang, through counsel, now seeks review of Judge Stinnett's findings, and the Court considers the matter *de novo*. *See, e.g., United States v. Crane*, No. 5:15-005-DCR, 2015 WL 4424957, at *2 (E.D. Ky. July 17, 2015); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000).

3

**II**

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The default position of the law is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, this default is modified for certain defendants considered "particularly dangerous." *Id.* If probable cause exists to believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption in favor of detention. A grand jury indictment alone will satisfy the probable cause requirement. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

Section 3142(e)(3) imposes a "burden of production" on the defendant, while the Government retains the ultimate "burden of persuasion." *Stone*, 608 F.3d at 945. While a defendant's burden of production is not heavy, the defendant must come forward with some evidence to suggest he poses neither a risk of flight nor a danger to the community. *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Satisfying this burden of production is insufficient to overcome fully the presumption in favor of detention; instead, the presumption remains a factor to be weighed by the district court. *Id.*

Regardless of whether or not a presumption in favor of detention applies to a particular defendant, the Government must prove that no conditions of release can ensure the safety of the community or the defendant's appearance in future court proceedings. *Id.* Title 18 U.S.C. § 3142(g) delineates factors for courts to consider in order to determine whether the Government has satisfied this burden of persuasion:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). A court's consideration of these factors should not be construed to modify or limit the defendant's presumption of innocence. 18 U.S.C. § 3142(j).

With this legal framework in mind, the Court considers Mr. Tang's request, however, now that a superseding indictment has been returned, the Court also reviews his detention in light of new allegations. First, the Court finds the Government satisfied its burden to show probable cause that Mr. Tang committed one of the crimes listed in 18 U.S.C. § 3142(e)(3). A grand jury indictment retuned against Mr. Tang charges him with both receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Thus, Mr. Tang faces up to 20 years in prison. 18 U.S.C. § 2252(b)(1). As a result, the default in Mr. Tang's case is a presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3); *Hazime*, 762 F.2d at 37.

Because of this presumption, the burden shifts to Mr. Tang to offer rebuttal evidence. To overcome the initial presumption, Mr. Tang bears a burden of production to demonstrate he is

not a flight risk and not a danger to the community. *Stone*, 608 F.3d at 945. Mr. Tang's daughter, Ms. Wendy Tang, testified that he would abide by the terms of his release and that he would not present a danger to the community. Accordingly, Mr. Tang has satisfied his burden of production.

Although Mr. Tang has overcome the low rebuttal threshold necessary to overcome the presumption of dangerousness and risk of flight, the Court finds the Government has adequately satisfied its burden of persuasion to warrant his pretrial detention. Once a defendant satisfies the burden of production, the burden shifts back to the Government to prove that no conditions of release will assure the appearance of the defendant and the safety of the community. *Stone*, 608 at 945–46. Here, the Government responded with testimony from Special Agent Tracy Lunsford. The Court now turns to the factors of 18 U.S.C. § 3142(g) to determine whether the Government has met their burden of persuasion.

First, the "nature and circumstances of the offense charged" clearly weigh in favor of detention. 18 U.S.C. § 3142(g)(1) specifically directs the Court to consider whether the charged offense "involves a minor victim." Mr. Tang has been charged with distributing and receiving child pornography, and therefore, § 3142(g)(1) supports detention.

Next, the "weight of the evidence" against Mr. Tang slightly favors detention, though there are mitigating factors. *See* 18 U.S.C. § 3142(g)(2). This factor relates to the weight of the evidence of a defendant's dangerousness, not the weight of evidence of his guilt. *Stone*, 608 at 948. Both the Government and Mr. Tang presented witnesses at the detention hearing. [R. 38.] Ms. Tang testified that her father had strong ties to the community; he owned his home and his restaurant in Frankfort, Kentucky, and had lived here for nearly thirty years. Special Agent Lunsford agreed that Mr. Tang had no issues with regularly reporting to the United States

6

Probation Office as a requirement of his prior conviction. However, she also testified that Mr. Tang indicated connections to other restaurateurs around the United States and how he would be able to find work elsewhere if his Frankfort business failed. Additionally, there are allegations in this case of witness tampering, which is highly concerning to the Court. While Mr. Tang is presumed innocent of all charges until proven guilty, the evidence suggests a lack of respect for the administration of justice. While not a strong factor in favor of detention, the Court finds this somewhat influential.

The third § 3142(g) factor, weighs against detention. *See* 18 U.S.C. § 3142(g)(3). Mr. Tang has no previous violent crimes or substance abuse. He does have another federal conviction for bringing in and harboring aliens, the Government agrees that he has been compliant with his terms of release. The Government argues that Mr. Tang's immigration status and history weigh in favor of detention, but the Court disagrees. Mr. Tang arrived in the United States illegally in 1992 or 1993, using a false Taiwanese passport. [R. 18 at 4.] He attempted to claim asylum, which was denied. *Id*. However, he has been unsuccessful in obtaining the necessary documentation to return to China, and thus, is unable to leave the United States. *Id*. While he cannot obtain legal status in the United States, but still is unable to leave, he has been granted a "work authorization" and must report yearly to the United States Probation Office. *Id*. By all accounts, he has done so diligently. *Id*. The use of false documents to arrive here is of some concern, but the Court finds deeds done nearly thirty years ago not to be probative of his current character. Mr. Tang and his wife have lived in Frankfort in a house they own for the last six years. *Id*. Their children attend school in Kentucky and their family manages a restaurant. *Id*. All of these characteristics, strong family and community ties, a past record of compliance with Court orders, strong history of employment, and good mental and physical condition,

suggest Mr. Tang is not a flight risk and release would be appropriate under 18 U.S.C. 3142(g)(3)(A).

Finally, this Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* 18 U.S.C. § 3142(g)(4). The allegations against Mr. Tang are serious, particularly the allegations concerning child pornography. Receipt, distribution, and possession of child pornography are extremely dangerous to the community, particularly because such activities are often hidden from a defendant's closest friends and family members. The Court could order forfeiture of all devices, or deny Mr. Tang all access to the Internet, but there is simply no failsafe way to prevent any and all exposure. Ultimately, the Court is convinced that no conditions or combination of conditions for release would reasonably assure the safety of the community, and therefore, the Court finds that the Government has adequately satisfied its burden of persuasion to show Mr. Tang's dangerousness.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Fei Guo Tang's Motion to Revoke Detention Order [**R. 19**] is **DENIED**; and

2. Mr. Tang shall **REMAIN** in custody pending trial.

This the 12th day of June, 2019.

Gregory F. Van Tatenhove
United States District Judge